**E-FILED**
Monday, 06 June, 2011 02:21:49 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **VALERIAN N. LEWIS,** | ) |
| Petitioner | ) |
| v. | ) Case No. 11-CV-02012 |
| **UNITED STATES OF AMERICA** | ) |
| Respondent, | ) |

## OPINION

On January 11, 2011, Petitioner, Valerian Lewis, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). In addition, on February 23, 2011, the Petitioner filed a Memorandum (#5) in support of his Motion (#1). The government filed a Response to the Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (#6) on March 15, 2011. For the following reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) is DENIED.

### BACKGROUND

In 2007, while on supervised release from a 2002 felony drug conviction, the Petitioner drove from Fort Wayne, Indiana, to Chicago, Illinois, to set up a drug deal with Fidel Sanchez, a government informant. The Petitioner agreed to buy three kilograms of cocaine and receive another three kilograms on consignment. On December 4, the Petitioner drove from Indiana to a Kankakee Hilton hotel to purchase the drugs. When the Petitioner arrived, DEA agents and Illinois police arrested him.

On December 18, 2007, a Grand Jury charged the Petitioner with attempting to possess and distribute 500 grams or more of cocaine with the intent to distribute it in violation of 21

U.S.C. §§ 841(a)(1) & (b)(1)(B)(ii) and 846. Although drug quantity is a sentencing factor, during the final pretrial conference on April 15, 2008, the government asked the Court to allow the jury to determine, through a special jury verdict, whether the Petitioner attempted to possess more than 500 grams but less than five kilograms or five kilograms or more of cocaine. Recognizing that if the jury found the Petitioner guilty of possessing more than five kilograms of cocaine his mandatory minimum would increase from ten to twenty years, the Court gave the Petitioner until April 22, 2008, to object. On April 15, 2008, the government submitted its proposed jury instructions, which included the special verdict form. The Petitioner did not object to the special jury verdict.

On May 14, 2008, a jury found the Petitioner guilty of attempting to possess and distribute five kilograms or more of cocaine. Based on the jury's special verdict and a prior drug conviction, the presentence report concluded that the Petitioner faced a mandatory minimum of twenty years in prison with a maximum sentence of life imprisonment. At the sentencing hearing, the Petitioner did not object to the presentence report's findings and the Court adopted them by a preponderance of the evidence. On September 3, 2008, the Court sentenced the Petitioner to 240 months of imprisonment, ten years supervised release, and a $100 special assessment. On September 4, 2008, the Petitioner filed a notice of appeal arguing that he did not receive sufficient notice of his prior conviction as required by 21 U.S.C. § 851. On March 15, 2010, the Seventh Circuit affirmed the judgment and sentence. United States v. Lewis, 597 F.3d 1345, 1347 (7th Cir. 2010).

On January 11, 2011, the Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). On February 23, 2011, the Petitioner filed a Memorandum in support of his Motion (#5). In his Motion and Memorandum, the Petitioner

argued that his counsel's failure to object to the "jury's so-called 'verdict...'" and the District Court's use of the preponderance of the evidence standard at sentencing violated his Fifth and Sixth Amendment rights. The government filed its Response (#6) on March 15, 2011, arguing that the Petitioner's claim fails on the merits and the Petitioner misstates what occurred during his criminal proceedings.

ANALYSIS

In his Memorandum (#5), the Petitioner complains that his attorney was ineffective for not objecting to "jury's so-called 'verdict concerning an aggravated crime not charged in the indictment...'" and to the "district court's use of the preponderance of the evidence standard" which "resulted in his sentence being illegally enhanced...." This Court infers from the Petitioner's complaints that he believes his attorney was ineffective for three reasons: (1) his attorney did not object to the use of a special verdict to determine whether the Petitioner intended to possess over five kilograms of cocaine; (2) his attorney did not object to the court adopting the special jury verdict by a preponderance of the evidence at the sentencing hearing; and (3) his attorney should have objected to the district court's use of the preponderance of the evidence standard in finding the amount of cocaine for purposes of increasing his sentence. To prevail on these claims, the Petitioner must show that the counsel's "performance fell below an objective standard of reasonableness and that the counsel's poor performance prejudiced the outcome of the proceedings." Valenzuela v. United States, 261 F.3d 694, 698 (7th Cir. 2001); *see also* Strickland v. Washington, 466 U.S. 668, 694 (1984).

The Petitioner's attorney was not ineffective because the special jury verdict did not prejudice the Petitioner. Under Seventh Circuit law, a special jury verdict containing a drug quantity other than the quantity specified in the indictment does not violate the Fifth Amendment

3

unless the special verdict's drug quantity changes the established offense. United States v. Trennell, 290 F.3d 881, 888 (7th Cir. 2002). In this case, the Petitioner was indicted for attempting to possess and distribute a controlled substance pursuant to 21 U.S.C. §§ 846 and 841(a)(1).[1] The jury convicted the Petitioner of attempting to distribute a controlled substance pursuant to 21 U.S.C. §§ 846 and 841(a)(1). Therefore, the special verdict did not alter the charge the Petitioner faced. Further, the indictment charged the Petitioner with attempting to distribute 500 grams of cocaine pursuant to 21 U.S.C. § 841(b)(1)(B)(ii). Since the Petitioner had a prior felony conviction, under 21 U.S.C. § (b)(1)(B) the Petitioner faced a statutory maximum sentence of life imprisonment. At trial, the jury found the Petitioner guilty of attempting to possess and distribute over five kilograms of a mixture and substance containing cocaine pursuant to 21 U.S.C. § 841(b)(1)(A)(ii). Based on the Petitioner's prior felony conviction, under 21 U.S.C. § 841 (b)(1)(A) the Petitioner faced a statutory minimum of twenty years in prison with a maximum sentence of life imprisonment. Therefore, the Petitioner was not prejudiced by the fact that the jury determined he intended to possess and distribute a higher drug quantity than included in the indictment because the quantity mentioned in the indictment notified the Petitioner that, if convicted, he could face life imprisonment. Since the special jury verdict did not prejudice the Petitioner, it was not unreasonable for his attorney to permit the jury to decide whether the Petitioner attempted to possess and distribute 500 grams or over five

---

[1]The text of the indictment states that the "defendant, did knowingly attempt to possess 500 grams or more of a mixture and substance containing cocaine..." which mirrors the wording of 21 U.S.C. § 841 (b)(1)(B)(ii). However, the indictment states that the defendant acted "[i]n violation of Title 21, United States Code, § 841... (b)(1)(B)(iii)" which reads the defendant attempted to possess "5 grams or more of a mixture or substance described in clause (ii) which contains cocaine base." Although the statutory provision specifically cited in the indictment, 21 United States Code § (b)(1)(B)(iii), does not match the wording of the indictment, the mandatory minimum and maximum sentence for a § 841(b)(1)(B)(ii) and § 841(1)(b)(1)(B)(iii) are the same. Therefore, the Petitioner was on notice that if convicted he faced a minimum ten years imprisonment and a maximum imprisonment of life in prison.

kilograms of cocaine.

Further, the Petitioner's attorney was reasonable for not objecting to the court's adoption of the jury's special verdict by a preponderance of the evidence at the sentencing hearing. At sentencing, the Seventh Circuit finds it unnecessary and inappropriate for a judge to reexamine and resolve a factual issue that the jury has decided beyond a reasonable doubt. United States v. Fuller, 532 F.3d 656, 664 (7th Cir. 2008). In the instant case, the jury found that the Petitioner, beyond a reasonable doubt, attempted to possess and distribute over five kilograms of cocaine. Therefore, it was objectively reasonable for the Petitioner's attorney not to object because, based on binding Seventh Circuit precedent, this court was required to accept the jury's factual finding.

Lastly, the Petitioner misstates the law of the Seventh Circuit and what took place during his criminal proceedings. The Petitioner alleges that after the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000), any factor, such as drug amount, that enhances a defendant's sentence must be decided by a jury beyond a reasonable doubt. However, the Seventh Circuit only requires drug quantity to be charged in the indictment and proven beyond a reasonable doubt if drug quantity raises the statutory maximum punishment. Knox v. United States, 400 F.3d 519, 522 (7th Cir. 2005). The indictment stated that the Petitioner violated 21 U.S.C. § 841(b)(1)(B)(ii). Based on the Petitioner's prior felony conviction and the drug quantity charged in the indictment, the Petitioner faced a mandatory minimum of ten years incarceration with a maximum life sentence. The special jury verdict found that the Petitioner violated 21 U.S.C. § 841(b)(1)(A)(ii). Due to the Petitioner's prior felony conviction and the drug quantity found in the special jury verdict, the Petitioner faced a mandatory minimum of twenty years incarceration with a maximum life sentence. Therefore, even if the judge ruled by a preponderance of the evidence that the Petitioner violated § 841 (b)(1)(A)(ii), the Petitioner's

attorney did not have grounds to object because the ruling did not raise the maximum statutory punishment. Regardless, the Court did not determine the relevant drug amount by a preponderance of the evidence as the Petitioner alleges. Instead, the Court submitted the issue to the jury which determined that the Petitioner, beyond a reasonable doubt, attempted to possess and distribute over five kilograms of cocaine. Thus, it was objectively reasonable for the Petitioner's attorney not to object to the Court's use of the preponderance of the evidence standard to enhance the Petitioner's sentence and it did not prejudice Defendant, as any objection would have been overruled by the court. As a result, the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

(2) This case is terminated.

ENTERED this 6th day of June, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE