UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **VALERIAN N. LEWIS,** ) <br> ) <br> **Petitioner,** ) <br> v. ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> **Respondent.** ) | Case No. 11-CV-2012 |

## OPINION

On July 30, 2013, Petitioner, Valerian N. Lewis, filed a pro se Motion to Vacate Judgment under Rule 60(b) of the Federal Rules of Civil Procedure (#10). This court concludes that the pro se Motion can only be construed as a Motion to Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. Because this court does not have jurisdiction over Petitioner's second or successive motion, Petitioner's Motion (#10) is dismissed.

## BACKGROUND

On January 11, 2011, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (#1). On July 6, 2011, this court entered an Opinion (#8). This court thoroughly discussed Petitioner's claims, and the Government's Response (#6), and concluded that the Motion under § 2255 has no merit. Accordingly, Petitioner's Motion (#1) was denied. This court also denied a certificate of appealability. Petitioner did not file a Notice of Appeal.

## ANALYSIS

On July 30, 2013, Petitioner filed his current pro se Motion (#10). In his lengthy Motion, Petitioner argues that this court should vacate its Opinion under Rule 60(b) because

he is entitled to relief on his claims based upon the recent decision of the United States Supreme Court in Alleyne v. United States, 133 S. Ct. 2151 (2013).[1]

In Gonzalez v. Crosby, 545 U.S. 524 (2005), the United States Supreme Court considered the question whether a Rule 60(b) motion for relief from judgment is properly treated as a second or successive petition in habeas cases. The Court determined that a filing that attacks some defect in the integrity of the federal habeas proceedings can proceed under Rule 60(b). Gonzalez, 545 U.S. at 532-33. However, the Court determined that a habeas petitioner's filing that attacks the substance of the federal court's resolution of a claim on the merits must be treated as a second or successive petition. See Gonzalez, 545 U.S. at 531-32. Gonzalez specifically held that Rule 60(b) cannot be used to reopen the judgment in a civil case based upon legal developments after the judgment becomes final. Gonzalez, 545 U.S. at 536-38; see also Hill v. Rios, ___ F.3d ___, 2013 WL 3336807, at *1 (7th Cir. 2013).

This court concludes that Petitioner's request for further consideration of the claims he brought in his Motion to Vacate, Set Aside or Correct Sentence based upon the decision in Alleyne can only be considered a challenge to the resolution of the claims in his prior habeas proceeding on the merits. In this case, it is clear that Petitioner is not challenging the integrity of the § 2255 proceedings, but is, in fact, challenging this court's decision on his claims. See Phillips v. United States, 668 F.3d 433, 435 (7th Cir. 2012). Petitioner's Motion is directly addressed to the merits of his desire for collateral relief, something he can only

---

[1] This court notes that the Seventh Circuit has held that the decision in Alleyne does not apply retroactively on collateral review. Simpson v. United States, ___ F.3d ___, 2013 WL 3455876 (7th Cir. 2013).

seek under § 2255.  See Phillips, 668 F.3d at 435.  Thus, although styled as a Motion under Rule 60(b), Petitioner's Motion is properly understood as a request for relief under 28 U.S.C. § 2255.  See United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2007), citing Gonzalez, 545 U.S. at 530-32.  If a Rule 60(b) motion is really a successive Motion under § 2255, the district court lacks jurisdiction unless the prisoner has obtained permission from the appropriate Court of Appeals to file it.  See Curry v. United States, 507 F.3d 603, 604 (7th Cir. 2007).

Section 2255(h) provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."  28 U.S.C. § 2255(h).  Accordingly, a district court has no jurisdiction to hear a second or successive motion under § 2255 unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to consider the motion.  See 28 U.S.C. § 2244(b)(3)(A); Carraway, 478 F.3d at 849; Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).  "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing."  Nunez, 96 F.3d at 991 (emphasis in original).

In this case, the Seventh Circuit has not authorized the filing of a second or successive motion pursuant to § 2255.  Consequently, this court is without jurisdiction to entertain Petitioner's Motion and it must be dismissed.  See Nunez, 96 F.3d at 991.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case.  "When the district court denies a habeas petition

on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (emphasis added); <u>see also</u> <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009).  This court concludes that jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>or</u> whether this court correctly found it lacks jurisdiction over Petitioner's Motion because it is a second or successive motion pursuant to § 2255.

    IT IS THEREFORE ORDERED THAT

    (1)  Petitioner's pro se Motion to Vacate Judgment under Rule 60(b) of the Federal Rules of Civil Procedure (#10) is dismissed for lack of jurisdiction.

    (2) A certificate of appealability is denied.

    ENTERED this 5th day of August, 2013

    **s/ Michael P. McCuskey**
    MICHAEL P. McCUSKEY
    U.S. DISTRICT JUDGE